United States District Court
<u>Western District of New York</u>

Gordon Maston
       Plaintiff Pro/Se

-V-

Erie County Correctional Facility
Steve Swain (Staff Physician)
Karen Pazuzzi (Nurse)
    &&
    Bonnie
        Defendants

Case# 1: 10-CV-245
1983 Civil Claim



    Please take notice that the above mentioned Plaintiff Gordon Maston, is bringing this action under the United States Constitution against the above named Defendants, Steve swain, Karen Pazuzzi, & Bonnie who's last name is unknown, both of whom are in violation of the Eighth Amendment Right "Your right to adequate medical attention."
    In Estelle –v- Gamble 429 U.S. 97, 104 97 S. C.T. 285, 291 50 L. ED 2d 251, 260 (1976) it states that "We are protected against flagrant mis-conduct of any official to purposely ignore any serious medical need." This is clearly forbidden under the deliberate indifference statue.
    On November 10th, 2009 I went to the infirmary for "Sick call" at the Erie County Correctional Facility, due to severe pain I was experiencing in my "left Foot" that was injured from "A Shotgun Wound."
    Upon my arrival at the infirmary, I was told to go in the back room to be examined by the "Facility Doctor" Steve Swain.
    I began to explain to this Doctor (Steve Swain) that my left foot has been through sever trauma which subsequently has led me to having 21 reconstructive surgeries. I made a valid attempt to explain to him that I was going through some "Excruciating Pain" and something was definitely wrong with the foot in question.
    It was at that point that "Dr. Swain Replied" he does the talking and "Just Listen." It was then that he directed me to go back to my housing unit without even doing an examination of the foot, or administrating medication to take care of the problem.
    Just so that the Court has a clear and uncut picture of this injury I sustained from this gun shot wound, my surgeons has done (21) reconstructive surgeries "Rigorously fighting to keep from amputating my left foot." The degree of difficulty it takes me to walk is over whelming.
    Not satisfied with Dr. Steve Swain's outcome of my complaint, and the "On-going" continuous pain that I was experiencing, I contacted my family to have them complain about my inability to get "Proper Medical Attention." At this time the pain had become "Visually Swollen" with a great deal of infection.
    My fiancé called the Sheriff Timothy Howard, as well as the Superintendent Donald Livingston in regards to what was going on about how this medical Doctor here

at the Erie County Correctional Facility is not providing me with proper medical attention.

At that time, the Superintendent "Donald Livingston" contacted the medical department to tell them to relay the message that "My family better layoff the calls." This is when I was approached by another facility nurse by the name of "Bonnie" with the message. However, I tried to explain to her that I was sure my foot has to be "Infected" because of the level of pain I was experiencing. Again nothing was done about this.

With continuous complaints and numerous trips to the infirmary for the same "Problem I have been complaining about," I approached the facility nurse "Karen Pazuzzi & Bonnie" and explained to her what I was going through. "She did a very perfunctory examination of the foot" and stated that I had a "Planters Wart" on the foot, and the bullet fragments are probably under the planters wart.

At this point I'm experiencing pain that is "Unbearable" and "Excruciating." There was not much more I could take. The foot had become grossly swollen with "Pus" Like substance oozing from the "Infected Area." I was asked by the Nurse "Bonnie" when do you go home? I replied July 12th, 2010. She blatantly replied "You can take the pain for five or six more months can't you ?" At this point I became irate and decided something had to be done "Immediately" about the medical misconduct that has taken place here.

In late December of 2009, the Doctor (Steve Swain) decided to prescribe pain medicine for the foot that I was complaining about. However he never gave me any antibiotics to fight off the fungus that had gained entry into my foot, nor would they send me to an area hospital to get a proper medical examination and a culture, to see if the foot was "Definitely Infected."

After continuous complaining and numerous trips to the infirmary for the same foot, it had become apparent that the facility was not going to address this issue. I got my family involved in this matter again and eventually I was moved to the medical unit as a result of me wanting proper medical attention. I was told by the facility Nurse "Karen" that if my family did not stop calling again I would never leave the medical unit. Certainly I was being punished because I was worried about my well being as a "Human Being."

Finally on March 19th, 2010, I was taken to E.C.M.C. to get a proper examination for my foot, along with a culture to see if the foot was "In fact infected." Test results determined that the foot was surely infected and surgery would have to take place to fix the problem. Said the surgery date is unknown at this time because of "Security Reasons." However the surgery definitely has been scheduled to rectify this on-going problems for the "Months" I have complained about and "Just kept being ignored."

As the Plaintiff in this action, and a United States citizen who is protected by the 8th Amendment against "Cruel and Unusual Punishment", I bring this action against the above named Defendants for "Continuous Failure to Provide Proper Medical Attention."

"Deliberate Indifference" is the standard in which these actions are constituted under, and as the Plaintiff I attend proving just that. In order to do this, of course (2) factors have been taken into consideration in order to find "Deliberate Indifference Infractions, a bring a successful Claim."

First and foremost one must prove that the "Harm" was "Sufficiently Serious" which is founded under the "Objective Standard of Deliberate Indifference."

As an inmate at the Erie County Correctional Facility, who was in need of serious medical attention, I have a right to receive that medical care that meets an acceptable "Standard of Treatment" and care in terms of modern medicine, technology, and current beliefs about human decency.

The term "Sufficiently Serious" is considered a condition you suffer from that is "Extremely Painful", simply being left to endure the pain without medical attention or care.

The foot in question of my complaint has had (21) twenty one reconstructive surgeries, bullet fragments still aloft and eventually became "Seriously Infected", and medical personal here at the facility did nothing to stop the foot from getting to this point, where it became "A Condition of Urgency" to have the poison removed, or the possibility of amputation.

The Eighth Amendment clearly forbids "Deprivation of medical care", that perpetuates chronic pain. See Brock –v- Wright 315 F. 3d 158, 162 (2d Cir.) 2003 Courts have cited "Pain" in finding medical serious. See Estelle –v- Gamble 429 U.S. 97, 104 (1976).

Plaintiff Maston Gordon, certainly was deprived of medical care for the "Excruciating Pain" he experienced from a foot that was "Infected" and poison officials did nothing about.

Secondly and just as important is the "Subjective Standard" of deliberate indifference (Knew of and disregarded a risk).

This standard is met by the "Showing" that prison officials purposely allows a person to go without the necessary help he or she is requiring.

Prison officials, Dr. Steve Swain, and a nurse (Bonnie & Karen Pazuzzi) both were aware of the pre-existing wound that the Plaintiff had attained, also had knowledge of the "Prior twenty one reconstructive surgeries" that was administered on the Plaintiffs left foot to possibly save the foot from amputation. Plaintiff had been complaining about this injury and pain for months and kept being ignored. See Green –v- Branson 108 F.3d 1344, 1351 (11th Cir. 2004).

Surely this case was "A Condition of Urgency" that caused "Extreme Pain" and possibly degeneration. See Hathaway –v- Coughlin 37.F.3d 63 (2d Cir. 2004) quoting Nancy –v- Kelly 912 F2d. 605, 607 (2d Cir. 1990).

Ignoring obvious conditions, delay in treatment and "Failing to Investigate" enough to make a informed judgment are just a few types of "Deliberate Indifference" that Dr. Steve Swain, and nurse Bonnie & Karen Pazuzzi are in violation of.

For months on end, I continued to complain about my injury "But to no Avail" and finally was awarded the opportunity to go to an are hospital to get a "Proper Medical Examination" which determined that my complaint was valid, and my foot was defiantly "Infected."

The continuous refusal of the Plaintiffs in this matter to do a proper examination and treating of the injury subsequently let to an infection setting in the foot, leading to surgery having to be done. Not to mention the "Unnecessary and Wanton Inflictional of Pain" I went through. See Hamilton –v- Endell 981F.2d 1063, 1066-67 (9th Cir. 1992).

Plaintiff says that his injury was obvious enough for the doctor and nurse to make a sound judgment and treat the Plaintiff for his injury. The foot that is in question here is "Severely Deformed" from the previous twenty one surgeries done to reconstruct it.

After the great deal of swelling and oozing of pus like substance started, The Plaintiff should have at least been put on antibiotics. Surely they are in violation of "Ignoring Obvious Conditions." See LeMarbe –v- Wisneski, 266 F3d 429, 440 (4th Cir.2001) Estelle –v- Gamble 429 U.S. 97 104, 97 S CT. 285, 291 50 L. E.D. 2d 251, 260 (1976).

In conclusion Plaintiff Maston says that any and all parties mentioned in this complaint are in violation of his 8th Amendment Rights to protect him from "Cruel and Unusual Punishment." Therefore I bring this action against these parties and state all this is "True" and all parties hold part in this claim.

Therefore I am seeking to obtain "Relief" of monetary damages from all parties mentioned in this claim.

_____
Signature Plaintiff Pro/Se

Sworn to before me
This __16__ day of __June__ 20_10_

DEREK L. ALEXANDER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES OCT. 2, 20_12_

Gordon Maston
11581 Walden Ave.
Alden, New York 14004

My Permanent Address is:

Gordon Maston
705 St. Lawrence Ave.
Buffalo New York 14216